TEAGUE v. SOUTHERN RAILWAY COMPANY.

1. REQUESTS TO SUSTAIN JUDGMENT on other grounds than those upon which it is rested by the Circuit Judge, appearing for the first time in the argument of respondent, will not be considered.

2. DAMAGES.—In an action by a consignee against a common carrier, to recover for the carrying of goods beyond their destination, plaintiff should be allowed, when the breach of the contract is admitted, to give evidence of any general or proximate damages which he may have suffered.

3. NEW TRIAL.—An appellant from a trial justice's judgment cannot complain of an order sending the case back for a new trial.

Before BUCHANAN, J., Greenville, March 28, 1895. Affirmed.

This action was commenced by John M. Teague on 31st January, 1895, against the Southern Railway Company, for damages for carrying a lot of nursery stock past its destination, and not delivering it on a certain day. New trial granted. Plaintiff appealed.

*Mr. J. S. Cothran*, for appellant.

*Messrs. C. J. Hunt* and *C. F. Dill*, contra.

Sept. 9, 1895. The opinion of the Court was delivered by

MR. JUSTICE POPE. On the 31st day of January, 1895, plaintiff commenced his action before Nathan P. Whitmire, Esq., as a trial justice in and for Greenville County in this State, against the defendant. The following is a copy of the summons issued by said trial justice and served upon the defendant:

"State of South Carolina. Trial justice's summons for debt. County of Greenville. By N. P. Whitmire, Esq. To the Southern Railway Company, a corporation doing business in this State, and entitled to sue and be sued in the courts of this State: Complaint having been made unto me by John M. Teague that you are indebted to him in the

sum of $50, on account of damages, to wit: That on the 16th day of November, 1894, E. B. L. Taylor, as the agent for complainant, delivered to the defendant one box of fruit trees and vines, of the value of $85, to be shipped by the defendant to Central, South Carolina, and delivered by it to this plaintiff, or his agent, on or before the 20th day of November, 1894—this day having been fixed by said plaintiff to deliver said trees and vines to his customers; that by reason of the negligence and carelessness of the defendant's agents and servants, said box of fruit trees and vines were carried past their destination, and were not delivered to this plaintiff until after the said 20th day of November, 1894, to his damage $50. This is, therefore, to require you to appear before me, in my office in Greenville city, South Carolina, on the twentieth day from the service of this summons, exclusive of the day of service, at 10 o'clock A. M., to answer to the said complaint, or judgment will be given against you by default. Dated Greenville, S. C., January 30th, A. D. 1895. N. P. Whitmire [seal], trial justice."

This case was tried by said trial justice, without a jury, on February 21, 1895, whereupon he adjudged that the defendant should pay the plaintiff $25. From this judgment the defendant appealed to the Circuit Court, on nine grounds. This appeal came on to be heard by his Honor, Judge Buchanan, who adjudged as follows: "The above case came on to be heard before me at Greenville. It involved several questions, all going, more or less, to the main objection to the proceeding below, *i. e.*, that the trial justice had permitted the plaintiff to introduce and make out his case by special and remote damages, instead of laying down the liability for general and proximate or direct damages. It will be observed, from the evidence taken, that there was no testimony showing special notice of any unusal damage that might arise from a violation of duty on the part of the defendant. The special circumstances requiring unusual diligence was not brought to the attention of the railroad

company at the time of the shipment.   The amount of injury, therefore, against which they contracted was that which would arise naturally and generally, and unaffected by any special circumstances.   The case of *Hadley* v. *Baxendale* was the most prominent case upon the point.   This case was called to the attention of both counsel, and its application to the present case remarked.   Counsel for the defendant admitted the negligence in the carrying the trees past the place of delivery contracted for, and their detention, but contended that they were only liable for general damages, and that, inasmuch as the evidence admitted below was of a special damage and no general damage at all, the judgment should be reversed *in toto*.   I did not take exactly the same view of it.   True, as I remarked, *Hadley* v. *Baxendale* contains the principle by which it was decided special damages should not be allowed under his contract, but it did not follow from this view that the plaintiff was not entitled to show, if he could, what his general damages were, in the face of the fact that defendant had admitted his violation of duty in carrying the trees to another and more distant station.   Besides, in the court below it is possible (indeed, probable,) he paid no attention to general damages, being, no doubt, advised that more and special damages were the rule.   He, therefore, did not put in evidence of any general damages alone.   But it by no means follows that there were no general damages.   In fact, the presumption would seem to be the other way. The plaintiff at least should be given the chance to show his general damages, if he has any.   These reasons in favor of substantial justice between the parties show why I did not agree with the views of either side, but decided the case should be sent back pursuant to these views."   The judgment was: "Let the papers be sent back to the trial justice, with instruction to allow evidence of general and proximate damages only."   From this judgment the defendant now appeals to this Court, on the following grounds:

1. Because the presiding Judge erred in not rendering

judgment in favor of defendant, he having ruled out the evidence of consequential damages, and there being no evidence of general damages.

2. The presiding Judge erred in not sustaining the defendant's ninth ground of appeal from the judgment of the trial justice, which was as follows: "That the trial justice erred in not granting a nonsuit, there being no evidence of any legal damages resulting from defendant's negligence."

3. The presiding Judge erred in not sustaining defendant's eighth ground of appeal, which was as follows: "That the measure of damages in a case of ordinary delay from negligence of a carrier is the difference in the market value of the goods on the day on which they were delivered and the day they should have been delivered; and the evidence being that there was no difference in the market value of said trees on the 20th and 21st of November, the trial justice erred in not limiting the plaintiff to that difference."

4. The presiding Judge erred in sending the case back for a new trial when neither party asked for such disposition, thus allowing the plaintiff a second opportunity for making out his case, which he admittedly had failed to do.

Before discussing the grounds of appeal, we deem it best to dispose of the application of the respondent, that in case we fail to agree with the Circuit Judge in his order for a new trial, *then* that this Court will confirm the judgment of the trial justice. This application by the respondent is not set up in the "Case." It only appears in the argument of the respondent's attorneys. It has been stated, time and again, that we cannot be governed by the statement of facts that appear for the first time in the argument of counsel. With how much more force does the reason of the rule shut out from our view application for action on our part which only appears in the argument. The object of the rule is most praiseworthy: it is to limit arguments to the points made as they appear in the "Case." If we were to consider this application from the respondent, it would be virtually allowing him the right of appeal

where none had been taken.  We shall, therefore, decline this application.

Now as to the first ground of appeal.  Under section 368 of our Code of Civil Procedure the Circuit Court, in disposing of appeals from the judgments rendered in trial justices' courts, is directed to "give judgment according to the justice of the case, without regard to technical errors and defects that do not affect the merits." Now, in the case at bar, according to the theory of the Circuit Judge, which is sustained by the appellant, it was the duty of the trial justice to have confined himself to hearing testimony, at the trial before him, "of general and proximate damages only."  A new trial was ordered by the Circuit Judge because this was not done at the first trial, when the result was, that the trial justice gave judgment in favor of plaintiff for $25.  According to the Circuit Judge and the appellant, this condition of things arose from the trial justice having considered testimony relating to consequential damages.  This Court is not so much concerned with the reasons advanced to support a judgment. What concerns us most is the question, is the judgment sound in law when an appeal is taken in a case on the law side of the Court?  No appeal is taken by the respondent. So that our judgment is confined to the question raised by the defendant or appellant.  We suppose if a Circuit Judge does not affirm a judgment, but sends it back for a new trial, the only party that ought to be heard in complaining of that course would be the plaintiff, and not the defendant.  But the plaintiff does not complain, and the defendant does.  So we will deny him any relief as against the judgment directing a new trial.  To make our meaning perfectly plain, we think the case of *Nettles* v. *Railroad Co.*, 7 Rich., 190, has a direct bearing upon the case at bar.  Here the Southern Railway Company contracted to deliver this box of fruit trees *and vines* at Central, a station twenty-six miles from Greenville, S. C., the place of shipment.  Goods were delivered for ship-

ment on the 16th day of November, were carried by the defendant railroad company past Central station and discharged as freight at Lula, in the State of Georgia. The defendant admits that it was guilty of negligence in so doing. When the consignee calls for his goods at Central station on the 20th day of November, he is told the goods are not at Central. The telegraph service in use by defendant discloses their presence at Lula, in the State of Georgia. However, the plaintiff is made to disappoint his customers. He is a nurseryman, and some of these customers refuse to take his trees and vines, some take them at a discount; but in the delivery to his customers he has to pay expenses of extra board bill, buggy hire, &c. Now, under the case cited, the plaintiff had a right to have his case considered by the trial justice. The Circuit Judge having so ordered, it was not error, so far as this exception is concerned.

And the second exception partakes of the nature of the first exception, and is also overruled. As to the third exception, we think what we have said in disposing of the first exception will show that there was no error here.

As to the fourth exception, we think the presiding Judge did not err as here complained of. The plaintiff did not appeal, but the defendant did, from the trial justice's judgment. If the Circuit Judge had been convinced that the justice of the cause called for simply a reversal of the trial justice's judgment, he would have so ordered. The effect of such a reversal would have been either a dismissal of the complaint or a new trial; he chose the latter. We see no error here.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.